(29 Misc. Rep. 415.)

### WALLACE v. CURTIS et al.

(Supreme Court, Trial Term, Fulton County. November, 1899.)

1. PARTITION—ADVERSE INTERESTS—SALES FOR TAXES.

An action for partition of real property can be maintained by a party
claiming an interest. therein against others who claim adverse interests;
being authorized by Code, § 1543, which provides that the alleged title of
plaintiff may be controverted by answer, and that the title or interest of
any defendant in the property as stated in the complaint may also be
controverted by his answer.

2. DEEDS—DESCRIPTION.

A description reading, "1,128 acres of land, being the northwesterly cor-
ner of township No. 4 of T. & C.'s purchase in H. county, be the same
more or less," is not void for uncertainty.

3. TAXATION—SALES FOR UNPAID TAXES.

An assessment was made against 1,500 acres in the northwest corner of a
township, the entire amount of taxes .being $11.02. The owner of 1,128
acres thereof, in the northwest corner of such township, paid $8.29 as taxes
on such portion. Later the remaining portion was sold for the unpaid
portion of such tax; the description in the deed reading, "372 acres, being
what remains of 1,500 acres, northwest corner in said township, * * *
after exempting therefrom 1,128 acres, northwesterly corner thereof, paid
by" the owner. Held, that this shows that the taxes on the 1,128 acres
were paid, and that no part of the taxes for which the balance was sold
was against this portion, and that such portion did not pass by such deed.

4. SAME.

Where the owner of part of a tract of land pays the exact proportion
of a tax laid on the whole tract which her acreage bears to the whole acre-
age, a sale of her portion for the remaining taxes is not a mere irregularity
coming within the provisions of a statute curing irregularities where the
deed has been of record 20 years, but is without jurisdiction and absolutely
void.

Action by Edwin R. Wallace against Warren Curtis and others.
Judgment for plaintiff.

H. & W. Weston, for plaintiff.

Griffin & Ostrander, for defendants McEchron and International
Paper Co.

STOVER, J. This is an action brought for the partition of cer-
tain lands in township 4, Totten & Crossfield's purchase, Hamilton
county, N. Y. The complaint contains the usual allegations. The

answer of the defendant the International Paper Company sets up title absolute to one-third of 1,128 acres, and assails the plaintiff's title thereto. It is conceded that the title to an undivided one-third of the property is in the defendant International Paper Company. The description of the property sought to be divided is as follows:

· "All that tract or parcel of land described in the conveyance thereof from Azariah C. Flagg, comptroller of the state of New York, to Farrand N. Benedict and Marshall Shedd, Jr., dated December 2nd, 1845, recorded in the office of the clerk of Hamilton county, November 10, 1850, in Book 3 of Deeds, page 407, as 1,128 acres of land to be laid out as aforesaid, being the northwesterly corner of township No. 4 of Totten & Crossfield's purchase, in Hamilton county, be the same more or less."

The plaintiff claims to own an undivided two-thirds of said land.

It is not my purpose to follow the various conveyances of title, as the questions involved center around two conveyances introduced by defendant,—one a deed dated December 10, 1868, and another deed dated December 29, 1886. These premises were at the time, and ever since have continued to be, wild, uncultivated land, and not actually occupied by any of the parties hereto. In 1860 an assessment was made against 1,500 acres in the northwest corner of township 4 of Totten & Crossfield's purchase. On November 13, 1866, the comptroller of the state rendered to Parmelia J. Munn a statement of taxes then due upon 1,128 acres, which taxes were paid on the 13th day of November, 1866, by Parmelia J. Munn. The entire amount of taxes assessed against 1,500 acres was $11.02. Parmelia J. Munn paid to the comptroller $8.29 as the taxes upon 1,128 acres in the northwest corner of township 4. A calculation will readily determine that the amount of taxes paid by Munn bore the relative proportion to the entire amount of tax that 1,128 acres bore to 1,500, so that the state received the taxes upon 1,128 acres then claimed to be owned by Parmelia J. Munn. Notwithstanding this payment, there was a sale of property for the remaining taxes, and the remainder of the premises were sold to John F. Rathbone in 1866, the deed containing the following description:

"372 acres, being what remains of 1,500 acres, northwest corner in the town of Morehouse, township No. 4, Totten & Crossfield's purchase, after excepting therefrom 1,128 acres, northwesterly corner thereof, paid by P. J. Munn."

The plaintiff holds the comptroller's receipts for taxes from 1866 to 1896.

As I understand the claim of the defendant McEchron, as stated in the brief, it is, first, that this action cannot be maintained as an action of partition. I think that section 1543 of the Code has conferred jurisdiction, and that the section is applicable to just such cases as this, where all of the parties who claim an interest may be brought into court, and the title settled, and partition made between those entitled to it.

The next claim of the defendant is that the comptroller's deed to plaintiff, from the tax sale of 1843, is void for uncertainty of description; the contention being, as I understand it, that, the description being uncertain, the defendant's deed is to be construed as conveying all of township 4 not included within the exception,

and that, if the deed is void for uncertainty, the title to all is vested in the defendant. But it has been held that such a description as this is not void for uncertainty. The plaintiff is entitled to 1,128 acres in the northwest corner of the township, if there be so much; if not, he is entitled to what there is there. There seems to be no location of the premises, and no setting forth of the tract. In 1870 the state canceled the tax on account of an excess of acreage, the entry stating that there was but 1,128 acres in Morehouse. All the defendant is entitled to is a portion of the township after 1,128 acres have been taken out. To say that such a description as this confers title to the whole premises, whatever might be the case where there was an absolute conveyance by certain well-defined metes and bounds, with a reservation of an uncertain portion, seems to me to ignore the ordinary meaning of language. Again, it is said that it does not appear that the tax for which the premises were sold was not against the 1,128 acres; but I think it must be conceded that where the proportion of the taxes paid is the exact proportion that the land claimed bears to the whole land, and the deed upon its face purports and declares that the taxes on 1,128 acres have been paid by the then owner, there can no longer be any dispute as to whether the tax was paid, what was sold, or what it was sold for. There was no attempt to sell 1,128 acres, and there is no description which indicates that the comptroller or anybody attempted to sell any more than what remained after the 1,128 acres had been excepted; and, even if the comptroller had attempted to sell any portion of the 1,128 acres, the sale was absolutely void and without jurisdiction. It is not a case of irregularity, but it is a question of jurisdiction. The tax had been paid, and accepted by the state, and after that there was no authority anywhere for the sale of any portion of the 1,128 acres. And so it may be said of any of the sales from 1866 down. As to the 1871 tax sale, it appears that the tax had been paid, and any attempt to sell by reason of the taxes not being paid was entirely without jurisdiction. So as to the description; there appears to be no description of the land that is in dispute, and the uncertainty, together with the fact that the taxes have been paid upon the premises, rendered the sale without authority. Another objection is that the defendant's deed, having been on record for more than 20 years, is conclusive under the statute. If I am correct in the views above expressed, defendant's deed of the 1866 sale never attempted to convey any interest in the 1,128 acres, and the deed of the 1871 sale was without jurisdiction, and therefore not within the statute, which could only cover irregularities.

It follows that the defendant McEchron has no interest in the 1,128 acres; that one-third thereof belongs to the International Paper Company, subject to the mortgage set forth in the complaint, and two-thirds belongs to the plaintiff; that Warren Curtis has no interest in the premises; that Benjamin F. Baker and wife have transferred their interest; and that Fanny Wallace is entitled to an inchoate right of dower interest in the undivided two-thirds. Ordered accordingly.